**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*William Perez, Jr.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM PEREZ, JR., Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,**<br><br>**Defendant.** | Case No.: '18CV2509 BEN BGS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO:**<br><br>**THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT                                              1

INTRODUCTION

1. William Perez, Jr. ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TransUnion Rental Screening Solutions, Inc. ("Defendant" or "TURSS"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. Defendant is a "consumer reporting agency" under the FCRA that sells consumer reports containing very detailed private information.  The FCRA-governed content of these credit reports is determined by the reporting agencies themselves such as Defendant.  Defendant continuously misrepresents the source of the public record information such as criminal civil court history ("Public Record Information") that Defendant publishes on its consumer reports in order to circumvent costs associated with obtaining the records from the actual source in violation of 15 U.S.C. § 168lg(a)(2).

3. Defendant works closely with vendors such as LexisNexis to obtain the Public Record Information, then Defendant represents on consumer reports, that Defendant obtained the Public Record Information directly from a court or government entity, rather than the actual source, which is LexisNexis or another vendor.

4. This practice deceives consumers and limits consumers' access to the true source of the Public Record Information, thereby preventing consumers from directly addressing the true source in order to ameliorate any errors if they should occur.

///

## JURISDICTION & VENUE

5. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business in San Diego and because Plaintiff resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

7. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES & DEFINITIONS

8. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation registered in Delaware with its principal place of business located in Colorado.

10. The causes of action herein pertain to Plaintiff's "consumer credit reports," as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiff's information were made via written, oral, or other communication of information by a consumer reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among

other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

11. Defendant is a FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in its possession and which information it will hide from consumers.

12. Upon information and belief, Defendant withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at them and their business partners or private vendors.

13. As mentioned above, these private vendors and/or business partners include companies like LexisNexis (or "Lexis"), a third party that sells public record information to Defendant who then processes disputes regarding that public record information via the "ACDV" system.

14. Upon information and belief, Defendant misrepresents the source of consumers' Public Record Information, including criminal and civil court history, by falsely stating that a given courthouse is the source of the Public Record Information, while affirmatively hiding the true source of the Public Record Information.

    On information and belief, Defendant does not obtain its Public Record Information about criminal and civil court history from courthouses or actual government entities. Defendant obtains such information from private vendors such as LexisNexis.

15. The Public Record Information provided on Defendant's consumer reports is not the actual court record, rather, an abbreviated version of the Public Record Information, which does not contain all the information in actual public records such as those of courthouses or the government. This leads to

a large number of mistakes reflected in the Public Record Information on the reports.

16. The mistakes in consumer credit reports are seen by anyone that requests that consumer's file, and oftentimes cause injury to that consumer.

17. The FCRA requires credit reporting agencies including Defendant to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).

18. It is imperative that consumers know the true source of the Public Record Information in their credit reports and have the ability to directly address the true source of Public Record Information in order to ameliorate any mistakes in the Public Record Information on credit reports.

19. On or around December 16, 2016, Plaintiff checked his TURSS consumer report and saw a traffic ticket in San Bernadino from 2013. The source of this inaccurate Public Record information was listed as "CA San Bernadino Superior CourtCA San Bernadino Superior Court" rather than LexisNexis, the actual source of the information.

20. Plaintiff's date of birth was wrong and the report did not say that the traffic case had been dismissed.

21. Defendant attempts to circumvent liability by including an alleged disclaimer saying the information was collected by "a company TURSS hired to collect such information". This disclaimer fails because it does not satisfy the requirements of the FCRA which requires Defendant to state the actual source of thee information, not to merely say "a company". This requirement is meant to ensure that consumers have the ability to directly address errors on their reports, such as those here.

22. On information and belief, Defendant did not obtain its Public Record Information concerning Plaintiff from the San Bernadino Superior Court. It

would be far too costly and cumbersome for Defendant to obtain that information directly from the court, if it is even possible.

23. Most courts have converted to electronic files and filing and can be searched on-line. Many courts do not have paper files for all the cases that can be pulled to gather public record information.

24. Upon information and belief, Defendant obtained its Public Record Information concerning Plaintiff from one of its private vendors and/or business partners such as LexisNexis that most likely obtains the information from on-line and then processes and organizes the information so Defendant or Lexis can pair the information with consumer files.

25. Defendant never identified LexisNexis or any other vendor as the source of the public record information that makes its way into the consumer files that it sells, or any of the other less publicized marketing or risk assessment databases that it maintains.

26. Defendant unambiguously deprived Plaintiff of the true source of the valuable Public Record Information, in violation of the FCRA.

27. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

28. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].
>
> (b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

30. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a Class defined as follows:

> All persons within the United States who (a) had their TURSS consumer reports provided to anyone by TURSS or any of its affiliated companies (b) within the five years

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

prior to the filing of this Complaint and during its pendency (c) where Defendant did not list its public records vendor as the source of its public records information.

31. Defendant and its employees or agents are excluded from the Class.

32. Plaintiff incorporates the prior allegations and estimates that the class is so numerous that joinder of all members is impractical. Although the precise number of Class members is known only to Defendant, Defendant sends tens of thousands of consumer credit report disclosures per year, and Defendant's uniform practice and procedure is to always omit the true source of its public records information from such disclosures. Accordingly, Plaintiff estimates that the class size numbers in the thousands.

33. Upon information and belief, the consumer credit reports for Plaintiff and the member of the Class do not contain the actual source of the public records information that it reported about the Plaintiffs and the putative class members. This omission has remained consistent and uniform across time, jurisdictions, and consumers.

34. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. For example and without limitation:

   a. whether Defendant misrepresented the true source of its Public Record Information in its consumer reports;
   b. whether this failure was a result of Defendant's standard operating procedure;
   c. whether the Defendant's conduct constituted a violation of the FCRA;
   d. whether the Defendant's conduct was willful; and
   e. the appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

35. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories. Defendant's consumer reports routinely fail to include identifying information re the source of its Public Record Information provided during the class period. The violations alleged are the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claim rises or falls.

36. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor his counsel has any interest that might cause his not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative classes and has accepted such responsibilities.

37. Certification of a class under Rule 23(b)(l) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

38. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

39. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:
    a. As alleged above, the questions of law or fact common to the members of the Class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.

Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

40. The Defendant's failure to disclose all information in its consumer reports, including the source of the Public Record Information violated 15 U.S.C. § 168lg(a)(2) and 15 U.S.C. § 1681e(a)&(b) as to the Plaintiff and the Class members.

41. The conduct, action, and inaction of the Defendant was willful, rendering the Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42. Plaintiff and the Class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from the Defendant, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. In the alternative, the violation was negligent entitling the Plaintiffs and the class to actual damages in the amount of the value of their consumer disclosure.

# CAUSE OF ACTION
# FAIR CREDIT REPORTING ACT
# 15 U.S.C. § 1681 ET SEQ.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

46. As a credit reporting agency, Defendant is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

47. Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose the sources that supplied any information to Defendant about Plaintiff and the Class.

48. Plaintiff is informed and believes that Defendant violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information about which Plaintiff reported.

49. As a result of each and every violation of the FCRA, Plaintiff and the Class are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

50. As a result of each and every willful violation of the FCRA, Plaintiff and the Class are also entitled to and seek actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

///
///
///
///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per plaintiff, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendant to correct the information furnished on Plaintiff's and the Class's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.

///
///
///
///
///

**TRIAL BY JURY**

51. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: November 1, 2018            Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
       ABBAS KAZEROUNIAN, ESQ.

Additional Plaintiff's Counsel:

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022